# In the United States Court of Federal Claims

(Filed March 28, 2012)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| **CONSOLIDATION COAL COMPANY,** *et al.*, | * * * * * * * * * | Constitutionality of SMCRA Abandoned Mine Reclamation Fee; Issue Preclusion; *Stare Decisis*; Export Clause Challenge Jurisdiction. |
| v. | | |
| **THE UNITED STATES,** | | |
| Defendant. | * | No. 07-00266C |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| **PEABODY HOLDING COMPANY,** *et al.*, | * | |
| Plaintiffs, | * | No. 05-01211C |
| v. | * | |
| **THE UNITED STATES,** | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| **ALEX ENERGY, INC.,** *et al.*, | * | |
| Plaintiffs, | * | No. 05-00929C |
| v. | * | |
| **THE UNITED STATES,** | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
ARACOMA COAL COMPANY, et al.,        *
                                     *
            Plaintiffs,              *      No. 09-00734C
                                     *
      v.                             *
                                     *
THE UNITED STATES,                   *
                                     *
            Defendant.               *
* * * * * * * * * * * * * * * * * * * * * * * * * *

* * * * * * * * * * * * * * * * * * * * * * * * * *
BLACK STALLION COAL COMPANY,         *
LLC, et al.,                         *
                                     *
            Plaintiffs,              *      No. 09-00770C
                                     *
      v.                             *
                                     *
THE UNITED STATES,                   *
                                     *
            Defendant.               *
* * * * * * * * * * * * * * * * * * * * * * * * * *

* * * * * * * * * * * * * * * * * * * * * * * * * *
CONSOL ENERGY, INC.,                 *
                                     *
            Plaintiff,               *      No. 05-01284C
                                     *
      v.                             *
                                     *
THE UNITED STATES,                   *
                                     *
            Defendant.               *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Steven H. Becker,* New York, New York, attorney of record for all plaintiffs (other than Peabody Holding Company, Inc., Powder River Coal Company, Twentymile Coal Company and Mid-Vol Leasing, Inc.).

*Lindsay A. Minnis,* law office of Baker & McKenzie, LLP, New York, New York, attorney of record for plaintiffs, Peabody Holding Company, Inc., Powder River Coal Company, Twentymile Coal Company and Mid-Vol Leasing, Inc.

***Tara K. Hogan***, Department of Justice, Washington, D.C., with whom was ***Assistant Attorney General Tony West***, for Defendant. ***Jeanne E. Davidson***, Director, ***Todd M. Hughes***, Deputy Director, and ***Daniel W. Kilduff***, Office of the Solicitor, Department of the Interior.

## OPINION & ORDER

*Futey,* **Judge**.

These cases come before the Court on defendant's motion for summary judgment, filed in all of the above-captioned cases. Plaintiffs are coal producers that believe fees they paid violate the Export Clause of the Constitution.

The Court had stayed the cases pending resolution of *Consolidation Coal Company v. United States*, No. 01-254 (Fed. Cl. filed Apr. 27, 2001) ("Case No. 01-254"). In that case, the Court of Appeals for the Federal Circuit affirmed this Court's entry of judgment in favor of the government, ***Consolidation Coal. Co. v. United States***, 615 F.3d 1378 (Fed. Cir. 2010), and the Supreme Court denied plaintiffs' petition for a writ of certiorari on June 13, 2011. The Court then lifted the stay in these cases on December 8, 2011.

I.   Background

In 1977, Congress passed the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), 30 U.S.C. §§ 1201–1328 (2000), which established the Abandoned Mine Reclamation Fund in order to restore natural resources damaged by coal mining. *Id.* § 1231(c). This fund is paid for by an assessment of an Abandoned Mine Land reclamation fee. *Id.* § 1232. Coal producers must pay to the Secretary of the Interior "35 cents per ton of coal produced by surface coal mining and 15 cents per ton of coal produced by underground mining." *Id.* The statute does not define "coal produced." The Department of the Interior has promulgated a regulation that requires that the "fee on each ton of coal produced for sale, transfer, or use" will "be determined by the weight and value [of the coal] at the time of initial bona fide sale, transfer of ownership, or use by the operator." 30 C.F.R. § 870.12(b) (2003).

Plaintiffs are coal producers that have paid this fee on coal that is eventually exported from the United States. In Case No. 01-254, a group of plaintiffs sued to recover amounts paid in reclamation fees for exported coal. Sixty-six of those plaintiffs are parties to these cases.[1] Although the procedural

---

[1] As the parties have noted, Def.'s Mot. S. J. 5 n.2 and Resp. of Pls.' to Def.'s Mot. S. J. 1 n.2, there are two groups of plaintiffs in these cases. Sixty-six of these plaintiffs were parties to Case No. 01-254, while the other plaintiffs were not parties to that case. This latter group includes: Alex Energy, Inc. and

3

history of Case No. 01-254 has been discussed extensively elsewhere, the Court will briefly review it because the present motions raise, for a second time, issues already decided in that case.

This Court initially dismissed Case No. 01-254 for lack of subject matter jurisdiction. *Consolidation Coal Co. v. United States*, 54 Fed. Cl. 14 (2002) ("*Consol. I*"). Relying on *Amerikohl Mining, Inc. v. United States*, 899 F.2d 1210 (Fed. Cir. 1990), the Court held that the coal producers were essentially challenging the regulations at issue. *Consol. I*, 54 Fed. Cl. at 19–20. Under 30 U.S.C. § 1276(a)(1) (2000), challenges to SMCRA regulations must be brought in the United States District Court for the District of Columbia ("D.C. District Court") within sixty days of the challenged action. The Court therefore held that D.C. District Court had exclusive jurisdiction over plaintiffs' claims. On appeal, the Federal Circuit reversed, and held that Section 1276(a)(1) is not "an unambiguous withdrawal of Tucker Act jurisdiction in the Court of Federal Claims." *Consolidation Coal Co. v. United States*, 351 F.3d 1374, 1381 (Fed. Cir. 2003) ("*Consol. II*").

On remand, this Court granted summary judgment in plaintiffs' favor on the issue of liability and found that the reclamation fee violates the Export Clause of the Constitution. *Consolidation Coal Co. v. United States*, 64 Fed. Cl. 718 (2005) ("*Consol. III*"). The Federal Circuit reversed. *Consolidation Coal Co. v. United States*, 528 F.3d 1344 (Fed. Cir. 2008) ("*Consol. IV*"). Relying on the canon of constitutional avoidance, the Federal Circuit held that Section 1232(a)'s reference to "coal produced" refers only to "coal extracted," which does not conflict with the Export Clause. *Id.* at 1347.

On remand, the coal producers asserted that, even if Section 1232(a) is without constitutional defect, the regulations implementing that statute violated the Export Clause. This Court disagreed, holding that the Federal Circuit had already found both the statute and the implementing regulations to be constitutional. *Consolidation Coal Co. v. United States*, 86 Fed. Cl. 384, 389 (2009) ("*Consol. V*"). On appeal, the Federal Circuit directly addressed the constitutionality of the regulations, and affirmed. The court held that "all of OSM's challenged regulations for collecting the reclamation fee under SMCRA, like the statute itself, apply to 'coal extracted' and do not violate the Export

---

Delbarton Mining Company (Case No. 05-929); Colony Bay Coal Company, Logan Fork Coal Company, Pine Ridge Coal Company, and Rivers Edge Mining, Inc. (Case No. 05-1211); Consol Energy, Inc. (Case No. 05-1284); Alex Energy, Inc., Consol Energy, Inc., Delbarton Mining Company, Rivers Edge Mining, Inc., and West Ridge Resources, Inc. (Case No. 07-266); Aracoma Coal Company, Inc., Bandmill Coal Corporation, Spartan Mining Company, and Stirrat Coal Company (Case No. 09-734); Black Stallion Coal Company, LLC, Coyote Coal Company, LLC, Dodge Hill Mining Company, LLC, Highland Mining Company, LLC, Kanawha Eagle Coal, LLC, Panther, LLC, Jupiter Holdings, LLC, Remington, LLC, and Wildcat, LLC (Case No. 09-770).

Clause." *Consolidation Coal Co. v. United States*, 615 F.3d 1378, 1382 (Fed. Cir. 2010) ("*Consol. VI*"). The Federal Circuit also denied a rehearing and rehearing en banc on October 12, 2010. *Id.* at 1379. The decision was issued as a mandate on October 19, 2010. The Supreme Court denied a petition for a writ of certiorari on June 13, 2011. 131 S. Ct. 2990.

Although the cases now before the Court had been stayed pending the outcome of Case No. 01-254, plaintiffs requested that the Court continue the stay, following the final outcome of that case, while plaintiffs litigated a new case, *Coal River Energy LLC v. Ken Salazar, Secretary, & United States Department of the Interior*, No. 11-1648 (D.D.C. filed Sept. 13, 2011). The Court denied the request for an extended stay on December 8, 2011. Defendant then filed a Motion For Summary Judgment on January 24, 2012, and plaintiffs filed a Response Of Plaintiffs To Defendant's Motion For Summary Judgment on February 22, 2012. Defendant filed a Reply To Plaintiffs' Response To Defendant's Motion For Summary Judgment on March 12, 2012.

II.   Discussion

Defendant has moved for summary judgment in its favor. The parties have both raised issues that the Federal Circuit conclusively resolved in Case No. 01-254. As discussed below, the Court is bound by the Federal Circuit's decisions on these issues.

    A.   *Summary Judgment Standard*

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." RCFC 56(c)(1). A material fact is one that "might affect the outcome of the suit," and a dispute is genuine if a rational fact-finder could find in favor of the nonmoving party. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). A court must draw "all justifiable [factual] inferences" in favor of the party opposing summary judgment. *Id.* at 255.

    B.   *Plaintiffs Party to Case No. 01-254 are Precluded from Re-litigating the Constitutionality of the Reclamation Fee and its Implementing Regulations.*

Issue preclusion bars the sixty-six plaintiffs that were parties to Case No. 01-254 from re-litigating the constitutionality of the reclamation fee and its implementing regulations. Under that doctrine, a party cannot re-litigate an issue when "(1) [there is] identity of an issue in a prior proceeding, (2) the identical issue was actually litigated, (3) determination of the issue was necessary to the judgment in the prior proceeding, and (4) the party defending against preclusion had a full and fair opportunity to litigate the issue in the prior proceeding." ***Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.***, 424 F.3d 1229, 1232 (Fed.

Cir. 2005). Plaintiffs apparently do not contest that they are precluded from re-litigating issues resolved in Case No. 01-254. *See* Resp. of Pls.' to Def.'s Mot. Summ. J. 1 (noting that "plaintiffs in Case No. 01-254 . . . . do not seek to re-litigate matters precluded by the doctrine of *res judicata*"); *id.* at 9 ("Plaintiffs do not dispute that *Consol [IV]* and *Consol [VI]* decided the same issues before this Court. Nor can Plaintiffs distinguish this action on its facts. But Plaintiffs respectfully contend that the Federal Circuit erred in *Consol [IV]* and *Consol [VI]*.").

In the present cases, the sixty-six plaintiffs that were parties to Case No. 01-254 fall within the coverage of issue preclusion. Both that case and these present cases involve the constitutionality of the reclamation fee and its implementing regulations as applied to exported coal. That issue was—quite vigorously—litigated in the prior case. The determination that the fee and its regulations are constitutional was a necessary part of the judgment. Finally, the sixty-six plaintiffs here had the opportunity to litigate that issue before this Court, the Federal Circuit, and the Supreme Court. Summary judgment is therefore due the government as to these sixty-six plaintiffs, since they are precluded from re-litigating the constitutionality of the fee.

      C.    *The Federal Circuit's Decisions in* Consol. IV *and* Consol. VI *Require Judgment for the Government as to Those Plaintiffs not a Party to Case No. 01-254*.

As to plaintiffs not party to Case No. 01-254, the Federal Circuit's decision in that case is directly on point for these cases, and compels the Court to enter judgment for defendant. *See* **McGuire v. United States**, 97 Fed. Cl. 425, 434 (2011) ("The decisions of the Federal Circuit . . . are binding on this Court.") (citing **Coltec Indus., Inc. v. United States**, 454 F.3d 1340, 1353 (Fed. Cir. 2006)).

The Export Clause provides that "[n]o Tax or Duty shall be laid on Articles exported from any State." U.S. Const. Art. I, § 9, cl. 5. The statute at issue in this case imposes a fee on "coal produced." 30 U.S.C. § 1232(a). The statute and regulations do not define "coal produced," but the regulations do specify that the "fee on each ton of coal produced for sale, transfer, or use . . . shall be determined by the weight and value at the time of initial bona fide sale, transfer of ownership, or use by the operator." 30 C.F.R. § 870.12. As the Federal Circuit noted, this fee as applied to export sales would be unconstitutional if "coal produced" refers to "the entire process of extracting and selling coal." ***Consol. IV***, 528 F.3d at 1347.

The Federal Circuit relied on the canon of constitutional avoidance to avoid any constitutional difficulties with both the statute and the regulations implementing it. Under that canon, if there are multiple reasonable constructions of a statute, a court should choose a construction that "'save[s] a statute from

6

unconstitutionality.'"  *Consol. IV*, 528 F.3d at 1347 (quoting *Edward J. DeBartolo Corp. v. Fla. Gulf Bldg & Constr. Trades Council*, 485 U.S. 568, 575 (1988)).  The Federal Circuit noted that "coal produced" in Section 1232(a) could mean "coal extracted," which would be free of constitutional issues, and the court therefore adopted that construction of the words "coal produced."  *Consol. IV*, 528 F.3d at 1348.  Similarly, the court found that the regulations' use of the phrase "coal produced" also could reasonably be interpreted to mean "coal extracted" instead of "coal sold."  *See Consol. VI*, 615 F.3d at 1382.  The court found that "[t]he liability [to pay the fee] incurs at the time of extraction, and OSM merely collects the fee at the time of sale."  *Id.*  Therefore, "all of OSM's challenged regulations for collecting the reclamation fee under SMCRA . . . do not violate the Export Clause."  *Id.*

Plaintiffs assert that the Federal Circuit has "adopted the fiction that the tax was a deferred assessment on the extraction of coal" rather than confronting the reality that the tax is actually imposed "upon the sale of exported coal."  Resp. of Pls.' to Def.'s Mot. Summ. J. 9.  Whatever the merit of that argument, the decisions of the Federal Circuit have already ended this Court's task, as plaintiffs well realize.  *See id.* at 10 ("Plaintiffs recognize that this Court must follow the decisions of the Federal Circuit.  Plaintiffs nevertheless set forth their arguments below in order to preserve them for further proceedings on appeal or otherwise.").  The two legal questions before this Court—whether the SMCRA's reclamation fee and the regulations applying that fee are constitutional—have already been answered by the Federal Circuit.  *See Consol. IV*, 528 F.3d at 1348; *Consol. VI*, 615 F.3d at 1382.  Summary judgment in the government's favor is therefore appropriate.

        D.    *The Federal Circuit Found in* Consol. II *that this Court has Jurisdiction Over Plaintiffs' Claims.*

In *Consol. II*, the Federal Circuit relied on *Cyprus Amax Co. v. United States*, 205 F.3d 1369 (Fed. Cir. 2000), to hold that this Court has jurisdiction over Export Clause challenges to the reclamation fee, but the government argues that a recent Supreme Court decision has called into question both *Cyprus Amax* and *Consol. II*.  *See United States v. Clintwood Elkhorn Mining Co.*, 533 U.S. 1 (2008).  Because this Court may not ignore the decision of the Federal Circuit in *Consol. II*, which is directly on point, the Court holds that it continues to have jurisdiction over plaintiffs' claims.

Under Section 1276(a)(1) of the SMCRA, "[a]ny action by the Secretary promulgating national rules or regulations . . . shall be subject to judicial review in the United States District Court for the District of Columbia Circuit" and any such challenges must be filed "within sixty days from the date of such action."  30 U.S.C. § 1276(a)(1) (2000).  In *Amerikohl Mining, Inc. v. United States*, the Federal Circuit held that this language shows that "Congress intended the District Court for the District of Columbia to be the exclusive forum for challenging

7

national rules and regulations promulgated under the SMCRA." 899 F.2d 1210, 1213 (Fed. Cir. 1990). The court therefore held that challenges to the regulations must meet Section 1276(a)(1)'s time limit and forum provisions. *Id.* The court affirmed a dismissal of the plaintiff's challenge that the regulations promulgated by the Secretary of the Interior were in excess of his statutory authority under the SMCRA. *Id.* at 1215. *See also **United States v. Troup***, 821 F.2d 194, 199 (3d Cir. 1987) (noting that "a regulatory challenge" to the reclamation fee can "only be brought in the United States District Court for the District of Columbia").

A later Federal Circuit case clarified the interaction of administrative refund requirements with Constitutional claims. In that case, ***Cyprus Amax Coal Co. v. United States***, 205 F.3d 1369 (Fed. Cir. 2000), the plaintiffs had argued that a tax on coal violated the Export Clause, but the government argued—and the trial court held—that the Court of Federal Claims had no jurisdiction because the plaintiffs failed to comply with the administrative requirements for seeking a tax refund. *Id.* at 1371. Specifically, the plaintiffs had failed to either file a tax refund with the Internal Revenue Service, as required by 26 U.S.C. § 7422(a), or they had filed a refund but failed to wait the required six-months before filing suit, as required by 26 U.S.C. § 6532(a). The Federal Circuit held that, although the plaintiffs had not followed those requirements, they could still bring suit under the Export Clause because "the language of the Export Clause leads to the ineluctable conclusion that the clause provides a cause of action with a monetary remedy." *Id.* at 1373. This cause of action is "self-executing," and "a party can recover for payment of taxes under the Export Clause independent of the tax refund statute." *Id.* at 1374.

In *Consol. II*, the Federal Circuit relied on *Cyprus Amax* to determine that this Court has jurisdiction to hear an Export Clause challenge to the reclamation fee. The court noted that in *Cyprus* it "held that a cause of action based on the Export Clause is self-executing and that a party can therefore recover payment of taxes based on the Export Clause independent of the tax refund statute." ***Consol. II***, 351 F.3d at 1379. The court noted that the cause of action in *Consol. II* was "significantly similar" to that in *Cyprus*. *Id.* The court found that the SMCRA does not "unambiguously withdraw[] Tucker Act jurisdiction" over Export Clause challenges and that, as in *Cyprus Amax*, the Court of Federal Claims had jurisdiction to consider the plaintiffs' claims. *Id.* at 1380–81.

The Supreme Court, however, in ***United States v. Clintwood Elkhorn Mining Co.***, 553 U.S. 1 (2008), explicitly disagreed with the conclusion of the Federal Circuit in *Cyprus Amax*. That case dealt with Section 7422(a)'s filing requirement, discussed in *Cyprus Amax*, and the three-year statute of limitations that applies to tax refund claims. 26 U.S.C. § 6511(a). The Court was presented with the question "whether a taxpayer suing for a refund of taxes collected in violation of the Export Clause of the Constitution may proceed under the Tucker Act, when his suit does not meet the time limits for refund actions in the Internal Revenue Code." ***Clintwood Elkhorn***, 553 U.S. at 4. The Court held that a

8

taxpayer could not, and that a taxpayer seeking a refund of taxes must follow the administrative requirements Congress had put in place, even if the refund was based on an Export Clause violation. *Id.* at 14.

Based on *Clintwood Elkhorn*, the government suggests that the basis of *Consol. II* has been "called into question" and that the Court should rely on *Amerikohl* and find jurisdiction lacking. Def.'s Mot. for Summ. J. 11. The government has previously made this argument before the Federal Circuit. *See* Br. Of Def.-Appellee United States at 35, **Consolidation Coal Co. v. United States**, 615 F.3d 1378 (Fed. Cir. 2010) (No. 2009-5083), 2009 WL 4088515 ("Thus, after *Clintwood*, this Court must look to see if coal producers' claim is covered by a stricter statute of limitations, such as SMCRA's limitations period.").

While the reasoning of *Clintwood Elkhorn* might potentially be construed to cover this case, the Court will not find jurisdiction lacking in this matter. The Federal Circuit in *Consol. II* already ruled that this Court has jurisdiction to decide whether the reclamation fee as applied to exported coal violates the Export Clause. If that court is called upon to reconsider its holding in light of *Clintwood Elkhorn*, it may reverse course, but that is not a question for this Court to decide. *See* **Coltec Indus.**, 454 F.3d at 1353.

Furthermore, the precise holding of *Clintwood Elkhorn* does not specifically apply to the statute in this case. The Supreme Court in *Clintwood Elkhorn* held "the plain language of 26 U.S.C. §§ 7422(a) and 6511 requires a taxpayer seeking a refund for a tax assessed in violation of the Export Clause, just as for any other unlawfully assessed tax, to file a timely administrative refund claim before bringing suit against the Government." 553 U.S. at 15. This case does not, however, involve Section 7422(a)'s refund requirement. Instead, the government relies on the reasoning of *Clintwood Elkhorn* and suggests that plaintiffs essentially challenge the validity of the SMCRA regulations, and challenges to SMCRA rulemakings are governed by a 60-day time limit. 30 U.S.C. § 1276(a)(1). The reasoning of *Clintwood Elkhorn* could be read to suggest that more strict time limitations, in general, supplant the normal six-year statute of limitations, *see* **Clintwood Elkhorn**, 553 U.S. at 12 ("Congress may not impose a tax in violation of the Export Clause . . . . But it is certainly within Congress's authority to ensure that allegations of taxes unlawfully assessed . . . are proceed in an orderly and timely manner"), but that implication does not necessarily follow from the Supreme Court's analysis. This Court therefore will not depart from the binding precedent of *Consol. II* upholding jurisdiction in the Court of Federal Claims.

III.	Conclusion

For the above-mentioned reasons, the Court GRANTS Defendant's Motion For Summary Judgment.

No costs.

IT IS SO ORDERED.


           s/Bohdan A. Futey
           **BOHDAN A. FUTEY**
              **Judge**